UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEL MAR TIC I, LLC and DEL MAR TIC II, LLC,

                               Plaintiffs,

-against-

THE BANCORP BANK,

                               Defendant.

Case No. 1:23-cv-08999 (JLR)

**<u>MEMORANDUM</u>**
**<u>OPINION AND ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

       Before the Court is Defendant's letter motion filed February 14, 2024, requesting that the Court stay discovery pending the resolution of Defendant's motion to dismiss. ECF No. 36 ("Mot."). Plaintiffs opposed the motion to stay by letter filed on February 19, 2024. ECF No. 37 ("Opp."). For the reasons set forth below, Defendant's motion to stay is GRANTED.

## BACKGROUND

       Plaintiffs commenced this action in New York state court on September 8, 2023. ECF No. 1-1. Defendant removed the action to this Court on October 12, 2023, *id.*, and filed a motion to dismiss the complaint on November 15, 2023, ECF Nos. 20-22. Plaintiffs amended their complaint on November 29, 2023, and the Court denied Defendant's motion to dismiss as moot. ECF Nos. 23 (the "Amended Complaint"), 25. On December 22, 2023, Defendant moved to dismiss the Amended Complaint, seeking dismissal of the entire Amended Complaint based on the terms of a contract between the parties. ECF Nos. 28-30. That motion is fully briefed. ECF Nos. 31-32.

## DISCUSSION

      A court may, on a showing of good cause, stay discovery during the pendency of a motion to dismiss. *See, e.g.*, *Press v. Primavera*, No. 21-cv-10971 (JLR), 2022 WL

1

17736916, at *1 (S.D.N.Y. Dec. 16, 2022).  However, the filing of a motion to dismiss does not itself constitute good cause, and courts have "considerable discretion" in determining whether a stay is warranted.  *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022).  In exercising this discretion, "[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).  The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal" or whether there is "a strong showing that the plaintiff's claim is unmeritorious."  *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted).  "[C]ourts also consider whether the resolution of the pending motion to dismiss may dispose of the entire action."  *Press*, 2022 WL 17736916, at *1 (quotation marks and citation omitted).

The Court starts with the third factor.  Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay.  *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-07572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (granting stay of discovery where motion to dismiss was "potentially dispositive" (citation omitted)); *accord Press*, 2022 WL 17736916, at *2.  Further, "[w]hile not addressing the merits of [Defendant]'s motion to dismiss, after an initial review, [the Court] finds that [Defendant]'s motion to dismiss cuts in favor of a stay because it . . . appears not to be unfounded in the law."  *Alapaha*, 2021 WL 1893316, at *2 (citation omitted); *accord Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-05874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  Accordingly, the Court finds that this factor weighs in favor of granting the stay.

With respect to the breadth of discovery, Defendant argues that discovery would be voluminous and burdensome and provides a list of illustrative document demands served on it by Plaintiffs when the case was proceeding in state court.  Mot. at 2-3.  In opposition, Plaintiffs note that those document requests were mooted by the removal of this action to federal court, and they argue that they have narrowed their anticipated discovery requests.  Opp. at 1-2.  Even though Plaintiffs' discovery requests have been narrowed, they are not insignificant.  For example, Plaintiffs seek Defendant's "internal policies and procedures concerning the withdrawal of funds from a borrower's Tax and Insurance Escrow Subaccount," "[d]ocuments and communications concerning [Defendant's] decision to place the insurance policy related to the [subject property]," "[d]ocuments and communications concerning the decision to use Plaintiffs' escrow account to pay for insurance premiums under Defendant's policy for the Del Mar Apartments," and more.  ECF No. 37-1 at 5-7; *see e.g.*, *Press*, 2022 WL 17736916, at *2 (finding a stay of discovery pending the court's decision on motion to dismiss warranted where the "[d]efendant ha[d] indicated" that there would be "broad discovery").  "[P]roceeding with discovery while the motion [to dismiss] is pending would waste the parties' resources and would constitute an undue burden on Defendant[]." *HAHA Glob., Inc. v. Barclays*, No. 19-cv-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (quotation marks and citation omitted).  Thus, this factor weighs in favor of a stay.

Finally, Plaintiffs argue that they are prejudiced without discovery from Defendant because they are seeking "meaningful information" about the claims at issue.  Opp. at 1, 3.  Defendant responds that a brief stay of discovery pending resolution of the fully briefed motion to dismiss will not prejudice Plaintiffs.  Mot. at 3.  The Court agrees with Defendant.  Plaintiffs filed this case only about six months ago, *see* ECF No. 1-1, and it was removed to

3

federal court five months ago, *see* ECF No. 1.  Since then, Defendant briefed and filed a motion to dismiss, ECF No. 20, and Plaintiffs amended their complaint, ECF Nos. 23, 25.  Defendant then filed, and just recently completed briefing on, its motion to dismiss the Amended Complaint.  ECF Nos. 28-32.  Particularly in light of the relatively short and active history of this case, the Court does not believe that a slight delay in discovery pending the outcome of Defendant's motion to dismiss the entire complaint will significantly prejudice Plaintiffs.  Plaintiffs do not articulate any other arguments in support of their assertion of prejudice, and "a delay in discovery, without more, does not amount to unfair prejudice." *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-03380 (LAK) (JLC), 2023 WL 6815052, at *2 (S.D.N.Y. 2023) (citation omitted).  Thus, the Court finds that this factor is neutral.

On balance, the factors weigh in favor of granting the stay.  The Court grants Defendant's request to stay discovery during the pendency of the motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED.  Discovery in this case is STAYED until the Court issues its opinion regarding Defendant's motion to dismiss the Amended Complaint.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 36.

Dated: March 29, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge